IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHILIP A. AGUILERA,<br><br>                Plaintiff,<br><br>vs.<br><br>THE CITY OF OMAHA, NEBRASKA, and JOSHUA DOWNS, in his individual and official capacity,<br><br>                Defendants. | 8:19-CV-239<br><br>MEMORANDUM AND ORDER |

The plaintiff, Philip A. Aguilera, pursuant to Fed. R. Civ. P. 59(e), has filed a motion to alter or amend (filing 41) the Court's judgment (filing 40) dismissing the plaintiff's complaint. The plaintiff's motion will be denied.

Rule 59(e) serves the limited function of allowing a district court to correct manifest errors of law or fact, or to present newly discovered evidence. *Fletcher v. Tomlinson*, 895 F.3d 1010, 1025 (8th Cir. 2018). A manifest error is not demonstrated by the disappointment of the losing party—it is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Abernathy v. White*, Case No. 4:19-CV-009-NAB, 2020 WL 4596870, at *2 (E.D. Mo. Aug. 11, 2020) (quoting *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000)). Rule 59(e) cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been raised before judgment was entered. *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills,* 141 F.3d 1284, 1285 (8th Cir. 1998).

Here, the plaintiff has not alerted this Court to its wholesale disregard, misapplication, or failure to recognize controlling precedent. At best, the

plaintiff's argument reflects disappointment with the Court's judgment, and nothing more. Regardless of either side's opinion, that's not enough.

> IT IS ORDERED that the plaintiff's motion to alter or amend the Court's judgment (filing 41) is denied.

Dated this 23rd day of November, 2020.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Chief United States District Judge
